# Raub's Estate.

*Decedents' estates—Claims for services—Father and son—Board of horse—Support of parent.*

A claim by a son against his deceased father's estate for the board of a horse will be allowed where the evidence shows that when the father came to live with his son he brought with him a horse, that the father had the exclusive use of the horse, and that the

son boarded and cared for it; but a claim for boarding and lodging the father himself is on a different basis, and will not be allowed where there is no evidence that the father had agreed to pay for his board and lodging.

Argued Nov. 20, 1916. Appeal, No. 76, Oct. T., 1916, by Cyrus Raub, from decree of O. C. Bucks Co., sustaining and dismissing exceptions to auditor's report in Estate of Reuben Raub, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Exceptions to report of Warren S. Long, Esq., auditor.

Before the auditor, Cyrus Raub, the son of Reuben Raub, claimed $120 for the board of a horse. He also made a claim for the board and lodging of Reuben Raub and his wife for twenty-six weeks. The auditor allowed the claim for the board of the horse, but disallowed the claim for the board and lodging of the decedent and his wife. The court overruled the auditor as to the first claim, but sustained him as to the second. Exceptions to the auditor's second report, which conformed to the opinion of the Orphans' Court, were dismissed. The evidence is summarized in the opinion of the Superior Court.

*Errors assigned* were, among others, as follows:

2. The court erred in overruling the exception of the claimant to the disallowance of the auditor of his claims for the board of the decedent and wife.

3. The court erred in sustaining the exception to the allowance by the auditor of one hundred and twenty dollars for the board of the horse.

4. The court erred in dismissing the exceptions.

*Webster Grim,* with him *Harry E. Grim,* for appellant.

*Isaac J. Vanartsdalen,* with him *Calvin S. Boyer,* for appellee.

OPINION BY HEAD, J., July 13, 1917:

Upon the distribution of the estate of Reuben Raub, Sr., a claim was presented by his son, Cyrus, one of several children. The claim readily divides itself into at least two separate and distinct branches because of the radically different nature of the service rendered on which the claim rests. It appears from the evidence the deceased father and his wife were aged people. Prior to May or June, 1912, they had been living alone on a little property in the neighborhood spoken of as the "Campbell Place." The wife was ill, often bedridden and was unable to help herself. She had to depend on assistance from her children or grandchildren. To render such assistance, even if it amount to the entire maintenance and support of aged parents or grandparents, is an obligation imposed by the law on children or grandchildren.

At all events, about May, 1912, the father and mother came to the home of their son, Cyrus, and remained there until December of that year. They were comfortably lodged, boarded and cared for during that period. It also appears from the evidence, the father brought with him a horse which was his property and which, during the period named, was boarded and cared for by the son. Part of the claim of the latter was for the care and maintenance of this horse. The evidence clearly disclosed the horse to have been kept for the exclusive use of the father. The law raises no presumption that because of filial affection or duty, one is required to perform such service for another. Under such circumstances, the usual presumption would prevail, namely, that where one renders service of value to another and the latter accepts the service and receives the value, an obligation arises to pay the fair value of such service. The auditor who had been appointed by the court was impressed with the correctness of this conclusion, and as the evidence seemed to leave no room for doubt that the amount claimed was reasonable, it was allowed by the auditor.

Upon exceptions being filed to this item of the auditor's report, among others, the learned Orphans' Court rejected the claim and refused to confirm the report. We are not able to discover any sound reason in his opinion filed to sustain that conclusion. We are convinced the learned auditor in this respect was right, and accordingly the third assignment of error is well taken.

As to the remainder of the claim of the son, to wit, for the boarding and lodging of his father and mother, an entirely different situation arises. He was obliged by law to furnish such support. In the absence of an express agreement by the father to pay for the boarding and lodging furnished by the son, the law, itself, ascribes the service to either the affection or the duty of the child. There is no evidence at all as to the making of any arrangement at the time the father and mother came to the house of the son. There is evidence that at some time during the period, the date of which cannot be easily fixed, the son complained to the father that he could not continue to board and lodge him unless he were paid for it. There is evidence also that at least on one occasion the father stated that he would be willing to pay and would go to another son, Wilson, and get the money. He was unable to get it. The whole matter was left in about that situation. It also appears that the father held a note against his son, Cyrus, in the sum of $500, upon which judgment had been entered in the Court of Common Pleas. For some reason, as to which the evidence is contradictory, the father satisfied that judgment. It is practically certain, taking the evidence as a whole, he received no money at the time the judgment was satisfied.

Under circumstances of this character, we are unable to say that the son has shown by the evidence, offered in support of his claim, such a clear creation of the relation of debtor and creditor between his father and himself as to overcome the adverse presumption raised by the law in such cases. The situation from a legal stand-

point is made more difficult by the fact the auditor found
and reported no express contract to pay had been proven.
In this respect the report was confirmed by the Orphans'
Court. We recognize that the finding of the auditor on
this question was not purely a finding of fact. But with
the meagre testimony that supports the claim, we are not
able to say it was wrong in law or in fact. We must,
therefore, dismiss the second assignment of error and the
same conclusion as to the other assignments, save only
the third, is necessarily reached; but because of the
third assignment, the decree must be reversed and the
record sent back with direction to have a report made in
accordance with this opinion.

The decree is reversed and the record remitted to the
Orphans' Court with direction to have the distribution
amended in accordance with this opinion. The costs of
this appeal to be paid by the appellees.